## DILLAYE *vs.* BLAIR.

Where a justice of the supreme court at a special term made a decree in favor of
the plaintiff in an equity cause, and the defendant duly applied to the general
term for a rehearing under the judiciary act of 1847, (§ 20,) and the applica-
tion was denied; *held* that the order of the general term was erroneous, although
on the face thereof it appeared that the merits had been considered.

THE bill was filed in the supreme court in equity to foreclose
a mortgage. The cause was heard before Justice PRATT, hold-
ing a special term, and a decree made by him in favor of the
plaintiff. The defendant applied in due form under the judi-
ciary act of 1847, to the general term of the supreme court, for
a rehearing; and that court in May, 1848, refused the applica-
tion. The order denying the motion expressed, on its face, that
the merits of the case had been considered. The defendant
appealed to this court.

*Geo. F. Comstock,* for the appellant, insisted that a rehearing
was a matter of right. (*Gracie* v. *Freeland,* 1 *Comst.* 228.)

*H. J. Sedgwick,* for the respondent.

THE COURT were of opinion that the order was erroneous,
and thereupon the same was reversed.[1]

---

[1] A special motion cannot be renewed, upon the same, or substantially the same
facts, without leave of court. *Hale* v. *Emmons,* 39 How. Pr. 187; s. c. 2 Alb.
L. J. 355. *Snyder* v. *White,* 6 How. Pr. 321. *Smith* v. *Spalding,* 3 Rob. 615;
s. c. 30 How. Pr. 339. *Bellinger* v. *Martindale,* 8 Ibid. 113. *Mills* v. *Thursby,*
11 Ibid. 114. *Dunn* v. *Meserole,* 5 Daly 434. *Wentworth* v. *Wentworth,* 51 How.
Pr. 289. *Shultze* v. *Rodewald,* 1 Abb. N. C. 365. Otherwise, if based upon a
new state of facts. *Belmont* v. *Erie Railway Co.,* 52 Barb. 637. *Erie Railway
Co.* v. *Ramsey,* 57 Ibid. 449. *Steuben County Bank* v. *Alburger,* 83 N. Y. 274.